**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISTOBAL ARGUETA-BARTOLON, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-71948 Agency No. A202-065-685 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges

Cristobal Argueta-Bartolon, a native and citizen of Mexico, petitions for review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture in Mexico and thus is not eligible for relief from his reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that petitioner is not eligible for withholding of removal because he failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's conclusion that Argueta-Bartolon otherwise failed to establish he would be persecuted because of a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground").

Substantial evidence also supports the IJ's conclusion that Argueta-Bartolon is not eligible for CAT protection because he failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government of Mexico. *See Andrade-Garcia*, 828 F.3d at 836–37.

**PETITION FOR REVIEW DENIED.**

2